***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted September 12, reversed November 16, 2022

M. S. T.,
*Petitioner-Respondent,*

*v.*

Mahi I. CHOWDHURY,
*Respondent-Appellant.*

Lane County Circuit Court
21SK02253; A176890

Kamala H. Shugar, Judge.

George W. Kelly argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Reversed.

**SHORR, P. J.**

Respondent in the proceeding below appeals from a Second Amended Final Stalking Protective Order (SPO) issued against him. Respondent contends that the trial court erred because petitioner did not establish the two or more qualifying contacts necessary for issuance of an SPO under ORS 30.866. We agree that the trial court erred.[1] Therefore, we reverse.

A full recitation of the facts would not benefit the bench, the bar, or the public. "We review the trial court's factual findings for any supporting evidence and its legal conclusions for legal error." *H. L. P. v. Jones*, 309 Or App 108, 109, 481 P3d 415 (2021).[2] Because the trial court issued the SPO, "we view the evidence and all reasonable inferences that may be drawn from it in the light most favorable to [petitioner] and assess whether, when so viewed, the record is legally sufficient to permit that outcome." *Id.* (internal quotation marks omitted).

Respondent contends that one of the two contacts that the trial court relied upon in issuing the SPO was not legally sufficient to be a qualifying contact under ORS 30.866, and, therefore, the SPO should not have issued. Petitioner appeared in the trial court but does not appear before us to respond on appeal. Nevertheless, we have carefully considered the legal issues, and, as briefly discussed below, we agree that petitioner did not demonstrate two or more qualifying contacts as required under ORS 30.866.

Petitioner filed a petition for an SPO based on two incidents, one occurring on July 31 and the other occurring on the next day, August 1. Respondent concedes that the second incident was a qualifying contact under the SPO statute. We agree and accept that concession, and only analyze the first incident.

---

[1] In his second assignment of error, respondent contends that the trial court erred in not limiting the SPO to allow him to continue to reside in and operate his business out of his home. Because we reverse the entire SPO, we do not need to reach respondent's more limited second assignment of error.

[2] Respondent does not request *de novo* review, and we do not exercise our discretion to undertake that review. *See* ORS 19.415(3)(b) (stating that we may review the record *de novo* in these circumstances but that the decision to do so is within our sole discretion).

Petitioner alleged in his SPO petition that on July 31, "[respondent] sent [his] housemate Aaron to chase me down across the street, demanding me to stop very aggressively." At the hearing, petitioner testified that he was walking past respondent's house on the evening of July 31 when the following occurred:

"I was taunted by [respondent] and his housemate Aaron. [Respondent] kept repeating look how good looking he is, what a handsome guy. He's so good looking. And then they both started to shout, what are you looking at? What are you looking at? And I said nothing.

"Then Aaron started to follow me across the street ***__

"*****

"Aaron picked up his pace and started chasing me to the corner and saying I needed to talk to him, and I replied that I do not need to talk to him. I called 911 because I was feeling harassed and stalked, and I felt afraid to walk down the street."

The following day, the August 1 incident occurred. In that incident, petitioner was again walking by respondent's house when respondent, Aaron, and a third man ran down the street after petitioner. Aaron and the third man held petitioner by the arms and respondent punched petitioner multiple times in the face.

As mentioned, respondent contends that the July 31 incident is not legally sufficient to be a qualifying contact under ORS 30.866. To obtain an SPO under that statute, a petitioner must establish by a preponderance of the evidence

"(1)   that the respondent engaged in repeated and unwanted contact with petitioner;

"(2)   that the petitioner was subjectively alarmed or coerced by the contact and that such alarm or coercion was objectively reasonable;

"(3)   that the petitioner subjectively experienced apprehension about personal safety as a result of the contact and that such apprehension was objectively reasonable; and

    "(4)   that the respondent acted with the requisite mental state."

*C. Q. R. v. Wafula*, 305 Or App 344, 352, 471 P3d 786 (2020) (internal quotation marks omitted).

        Respondent primarily contends that the July 31 contact was not a contact that could give rise to an objectively reasonable apprehension or fear for petitioner's personal safety. Respondent notes, accurately, that there was no evidence presented that *respondent* did anything on July 31 except taunt petitioner by stating how "good looking" petitioner was and challenge him by stating "what are you looking at?" Even understood as sarcastic taunts and a challenge, that conduct could not give rise to an objectively reasonable apprehension or fear for personal safety. Moreover, for speech to constitute a qualifying contact to support the issuance of an SPO, the speech must constitute a "'threat,'" specifically, "'a communication that instills in the addressee a fear of imminent and serious personal violence from the speaker, is unequivocal, and is objectively likely to be followed by unlawful acts.'" *Brown v. Roach*, 249 Or App 579, 584-85, 277 P3d 628 (2012) (quoting *State v. Rangel*, 328 Or 294, 303, 977 P2d 379 (1999)). Respondent's taunts do not satisfy that standard.

        And although petitioner alleged in his SPO petition that respondent "sent housemate Aaron to chase me," petitioner did not present evidence to support that allegation and respondent did not admit it. *See Jones v. Lindsey*, 193 Or App 674, 677-78, 91 P3d 781 (2004) (unadmitted allegations in an SPO petition "have no evidentiary effect"). Even assuming that Aaron had acted at respondent's direction, however, the only evidence presented as to Aaron's actions during the July 31 incident was that Aaron followed petitioner, ran down the street chasing after him, and demanded to talk to him. We recognize that the conduct that occurred the next day—which involved an assault by respondent and Aaron against petitioner—could at least in retrospect provide greater context to the prior day's incident. *See, e.g.*, *D. M. G. v. Tepper*, 285 Or App 646, 651, 396 P3d 990 (2017) (considering "the broader context of the parties' feud" in evaluating whether the petitioner's fear for her personal

safety was objectively reasonable). However, even considering the totality of the circumstances, there was insufficient evidence to prove by a preponderance of the evidence that the July 31 contact caused petitioner an objectively reasonable fear for his personal safety.

It was error for the trial court to rely on the July 31 contact as a qualifying contact under the SPO statute. Because only one qualifying contact was established—the August 1 assault—the trial court erred in issuing an SPO under ORS 30.866.

Reversed.